# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT SMITH, | ) | CASE NO. 1:12CV02062 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| v. | ) | |
| | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY[1] | ) | |
| | ) | **MEMORANDUM OPINION & ORDER** |
| Defendant. | ) | |

Having prevailed in obtaining a reversal and remand of the Commissioner's decision denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), Plaintiff Robert Smith ("Plaintiff") now seeks an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"). Doc. 18. Plaintiff seeks an award above the presumptive hourly rate of $125.00 set in 1996 when the EAJA was amended. Doc. 18, p. 5. Briefing on Plaintiff's request for fees has been completed. As explained below, the Court concludes that an award of fees pursuant to the EAJA is warranted in this case and that Plaintiff has submitted sufficient evidentiary support to obtain a rate higher than the statutory cap of $125.00. The Court, however, also finds that the hourly rate requested by Plaintiff is slightly higher than justified and, therefore, awards fees based on a modified rate. Accordingly, Plaintiff's Motion for Attorney Fees Pursuant to EAJA is **GRANTED in part and DENIED in part.**

---

[1] Carolyn W. Colvin became Acting Commissioner of Social Security on February 14, 2013. Pursuant to FED. R. CIV. P. 25(d), she is hereby substituted for Michael J. Astrue as the Defendant in this case.

1

**PROCEDURAL HISTORY**

Plaintiff filed this action to seek judicial review of the Commissioner's final decision denying his application for DIB and SSI. Doc. 1. On July 2, 2013, the Court reversed and remanded the final decision of the Commissioner. Doc. 16. On September 29, 2013, Plaintiff filed a Motion for Fees pursuant to the EAJA seeking $3,424.49 (at hourly rates of $180.54 for 2012 and $183.00 for 2013). Doc. 18, p. 5. On November 20, 2013, the Commissioner filed her Response. Doc. 21. The Commissioner does not dispute the issue of substantial justification. Doc. 21, p. 2. However, the Commissioner argues that Plaintiff's request for attorney fees should be reduced because it is excessive and not supported by specific enough evidence to warrant an increase to the statutory cap. Doc. 21, pp. 2-8.

**DISCUSSION**

**I. The EAJA Standard**

The EAJA provides,

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ..., including proceedings for judicial review of agency action, brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *see Pierce v. Underwood*, 487 U.S. 552, 556, 108 S. Ct. 2541, 2545, 101 L. Ed. 2d 490 (1988). Thus, a prevailing party in an action against the United States can recover fees and expenses, unless the United States' position was "substantially justified" or "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see Pierce*, 487 U.S. at 556, 108 S. Ct. at 2545, 101 L. Ed. 2d 490.

Here, it is undisputed that Plaintiff is the prevailing party. *See* Docs. 16; 21, p. 2. *See also Shalala v. Schaefer*, 509 U.S. 292, 301, 113 S. Ct. 2625, 2631, 125 L. Ed. 2d 239 (1993)

2

(holding that a plaintiff is the prevailing party in a sentence four remand). Plaintiff filed his motion for fees in a timely manner. *See* 28 U.S.C. §§ 2412(d)(1)(B), 2412(d)(1)(D)(2)(B). The Commissioner does not dispute the issue of substantial justification and makes no mention of any special circumstances that would make an award of attorney fees unjust. Doc. 21, p. 2. Thus, the issue remaining in dispute is the amount of attorney fees to be awarded.

## II. Reasonableness of Attorney Fees

In March 1996, Congress amended the EAJA by increasing the cap for hourly rates for attorney fees from $75.00 to $125.00 per hour. Pub. L. No. 104-121, 110 Stat. 847 (1996); *see Hawk v. Astrue*, No. 4:11-CV-196, 2013 WL 139799, at *1 (N.D. Ohio January 10, 2013). Now, the EAJA provides that the amount of fees awarded to a prevailing party where the United States' position is not substantially justified

> shall be based upon prevailing market rates for the kind and quality of the services furnished … attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A); *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 449-50 (6th Cir. 2009).

When a plaintiff requests an increase over the statutory cap of $125 per hour, he or she "bear[s] the burden of producing appropriate evidence to support the requested increase." *Id.* at 450 (citing *Blum v. Stenson*, 465 U.S. 886, 898, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)). As this Court has previously stated, to justify an upward departure from the statutory cap Plaintiff must satisfy the following:

> a plaintiff should submit or base her request on the following: (1) the Cleveland-Akron CPI; (2) Plaintiff's attorney's affidavit stating the attorney's usual hourly rate and experience; (3) a time sheet showing hours worked on the case; and (4) either (a) a practice-specific, local fee survey; or (b) an affidavit or affidavits from other social security practitioners in the area describing their experience and hourly rate; or (c) an affidavit or affidavits from other social security practitioners

3

> describing their experience and indicating that the rates sought by plaintiff's attorney are in line with prevailing rates in the Cleveland area for services by lawyers of reasonably comparable skill, experience, and reputation.

*Hall v. Comm'r of Soc. Sec.*, No. 1:12-CV-01764, 2013 WL 6797663, at *3 (N.D. Ohio December 23, 2013).[2]

Here, Plaintiff relies on the Midwest Urban CPI; his attorney's affidavit; his attorney's time sheets; and affidavits from two other social security practitioners describing their experience and indicating that the rates sought by Plaintiff's attorney are in line with prevailing rates in the local area for services by lawyers of reasonably comparable skill, experience, and reputation. Doc. 18, Exh. 1-7. Plaintiff has submitted sufficient evidence to warrant an increase from $125.00. However, as noted, the Cleveland-Akron CPI is preferred over the Midwest Urban CPI. Therefore, attorney fees are awarded at $177.88 an hour rather than $180.54 for 2012 and at $180.13 an hour rather than $183.00 for 2013.[3]

This Court finds the 18.75 hours expended by attorney Marcia W. Margolius to be reasonable.[4] Therefore, the Court awards attorney fees in the amount of $3,371.25 ($489.17 for 2012 (2.75 hours x $177.88) and $2,882.08 for 2013 (16.00 hours x $180.13)).

---

[2] Although Plaintiff's motion was filed before *Hall* was decided, *Hall* merely modified the fourth factor as set forth previously in *Slagle v. Comm'r of Soc. Sec.*, No. 5:12-CV-00626 (N.D. Ohio June 28, 2013).

[3] Based on the Midwest Urban CPI, the Plaintiff requested attorney fees at $180.54 per hour for 2012 and $183.00 per hour for 2013. Based on the Cleveland-Akron CPI, the result yields $177.88 per hour for 2012 and $180.13 per hour for 2013. The calculation is as follows: the Cleveland-Akron CPI for March 1996 was 150.9. The average index in 2012 was $214.706. The increase in the cost of living was 214.706 ÷ 150.9, or 1.423. Multiplying 1.423 by the 1996 EAJA cap of $125 per hour yields $177.88. For 2013, the average index for the Cleveland-Akron CPI was $217.462. The increase in the cost of living was 217.462 ÷ 150.9, or 1.441. Multiplying 1.441 by the 1996 EAJA cap of $125 per hour yields $180.13. Source: www.bls.gov/ro5/cpiclevhistorical.pdf.

[4] The time sheet submitted by Plaintiff's attorney contains a mathematical error in the total number of hours spent in 2012. The correct total is 2.75 hours. Doc. 18-1, p. 1.

4

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Attorney Fees pursuant to the EAJA is **GRANTED in part and DENIED in part**. The Court hereby awards Plaintiff EAJA fees in the amount of $3,371.25.


Dated: September 18, 2014

                                                KATHLEEN B. BURKE
                                                U.S. Magistrate Judge